IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00110-WJM-MJW

DRORIT SILVERMAN a/k/a DRORIT DEANGELO, an individual,

    Plaintiff,

v.

DALLAS D. GREENFIELD, an individual, and HOUTCHENS, GREENFIELD & SEDLAK, LLC, a Colorado limited liability company

    Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No 23-1)

---

    Plaintiff Drorit R. Silverman, also known as Drorit DeAngelo, and Defendants Dallas D. Greenfield and Houtchens, Greenfield & Sedlak, LLC, through their respective counsel, move for the entry of this Stipulated Protective Order:

    1.    The parties to this action may seek Confidential Information. "Confidential Information" is defined in paragraphs 5 and 6 herein.

    2.    The parties further anticipate questioning concerning Confidential Information during the course of depositions.

    3.    The parties assert the disclosure of Confidential Information could result in injury to the business or privacy interests of parties and nonparties, particularly decedent Paul Silverman.

    4.    **Scope.** All documents, records, files or portions of files, materials,

electronically stored information, transcribed testimony and information (including but not limited to extract, abstract, chart, summary, note or copy made therefrom), produced or adduced in the course of discovery, including, initial and supplemental disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents") and designated as "Confidential," shall be subject to this Order concerning Confidential Information as defined below. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy of a separate document is a separate document within the meaning of this term. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

5. **Confidential Information Defined.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party and includes but is not limited to information that is confidential and implicates common law and statutory privacy interests of decedent Paul Silverman, and Plaintiff and Defendants in this matter, including current and former employees of Houtchens, Greenfield & Sedlak, LLC. "Confidential Information" includes but is not limited to:

    a. Medical information concerning any individual;

    b. The Parties and/or their representatives' non-public, employment-related information;

    c. Personal financial, tax and identification information of the

Parties; and

   d. Any other confidential, proprietary or other sensitive information reasonably anticipated to cause injury to the party producing the information or which that party otherwise believes in good faith to be privileged or protected.

Information or documents that are available to the public may not be designated as Confidential Information.

  6. **Protected Health Information Defined.** "Protected Health Information" is defined under the Health Insurance Portability and Accountability Act and the Federal Regulations enacted pursuant to said Act and the Protective Order incorporates the definition therein as well as, but not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

  7. **Designation of Documents.**

   a. Documents containing Confidential Information, including Protected Health Information, are designated as Confidential Information by placing or affixing the words "CONFIDENTIAL" on all copies in a manner that will not interfere with the legibility of the document. As used in this

Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

    b.    Any information designated by a Party as Confidential Information will first be reviewed by that Party's attorney. In designating any material as "CONFIDENTIAL" the designating Party's attorney certifies that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

    c.    The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying that the marking "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

8.    **Designation of Discovery Responses.** Responses to discovery requests are designated by marking "CONFIDENTIAL" next to or above the response.

9.    **Designation of Deposition Testimony.** Whenever a deposition involves the disclosure of Confidential Information, those portions of the deposition

involving Confidential Information shall be designated as "CONFIDENTIAL." Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential Information will be reserved for and addressed at trial.

    10. **Protection of Confidential Materials.**

        a. **General Protections.** Confidential Information shall not be used, disclosed, revealed or leaked to the media by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than this litigation, including any appeal thereof. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

        b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1) – (9). Subject to these requirements, the following

categories of persons may be allowed to review Confidential Information, so long as the individual is not involved with or connected to the media:

    **(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of this action;

    **(2) Parties.** Individual parties and employees and insurers of a party but only to the extent counsel determines in good faith that the employee's assistance or the insurer's evaluation is reasonably necessary to the conduct or resolution of the litigation in which the information is disclosed;

    **(3) The Court and Its Personnel;**

    **(4) Court Reporters and Recorders.** Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    **(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents and organizing or processing documents, including outside vendors hired to process electronically stored documents;

    **(6) Consultants and Experts.** Consultants, investigators, or experts retained or specifically employed by the parties or counsel for the parties to assist in the preparation and trial of this action, whether or not such individual is expected to be called as a witness at trial;

    **(7) Witnesses at Depositions.** During their depositions,

witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their deposition in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order;

**(8) Author or Recipient.** The author or recipient of the document (not including the person who received the document in the course of the litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.    **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Nothing in this Protective Order shall limit any producing party's use of his, her or its own documents or shall prevent any producing party from disclosing his, her or its Confidential Information to any person. Such disclosure shall not affect any designation or Order of confidentiality made pursuant to the terms of this Protective Order so long as

disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

11. **Disclosure to Experts, Consultants and Witnesses.** Before disclosure of any information or documents subject to this Protective Order is made to any consultant or expert retained by the nonproducing party, or to any witness or prospective witness, a party or counsel for the party disclosing the information shall obtain a written statement from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with and be bound by this Protective Order, that such person is aware that contempt sanctions may be entered for violation of this Protective Order, and that such person consents to the personal jurisdiction of this court. All signed statements shall be maintained throughout the conclusion of this action, and statements signed by any witness or prospective witness shall be made available for inspection by the opposing party or counsel upon conclusion of this case or further, specific order of the Court. Confidential Information received by any of the persons in the above-enumerated categories shall be used only for purposes of this litigation and for no other purpose.

12. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even

if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

13. **Disclosure of Confidential Information.** If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of a party (if not represented by counsel) or counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

14. **No Waiver of Discoverability, Authenticity or Admissibility.** By agreeing to the entry of this Protective Order, the Parties do not waive objections or adopt any position as to the authenticity or admissibility of documents produced subject to it. The parties expressly state that entry of this Protective Order is not intended to waive any objections or otherwise admit the potential relevance or discoverability of any document or other material. Neither the taking of any action

in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. **No Waiver of Objection.** Nothing in this Agreement may be construed as a waiver of any right of any person or entity to object on any basis, including without limitation objection based on the work product doctrine or the attorney client privilege, to discovery or any attempt to admit in evidence testimony or evidence.

16. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 7.2.

17. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18. **Use of Confidential Information at Trial or Hearing.** This order shall govern the handling of documents, information and tangible items prior to trial or other hearing, and shall govern the handling after trial of documents, information and tangible items that do not become part of the record at trial. With respect to documents, information or tangible items to be used at trial or other hearing, the parties shall meet and confer prior to the trial or other hearing to reach an agreement as to the confidentiality of information to be used at the hearing or

trial. If necessary, the parties will also develop a method for maintaining the confidentiality of such documents, information and tangible items at trial. Unless otherwise agreed by the parties or ordered by the Court, all stamps or labels used to identify Confidential Information for purposes of discovery shall be removed or redacted from any exhibit, transcript or other material prior to showing it to a jury.

19. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

20. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion [consistent with D.C. Colo. LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order or until the Court rules on the motion. If the designating Party fails to file

[handwritten margin: MJW 3-29-16]

11

such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

21. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b.    The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that cased the subpoena to issue.

    c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the

court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

22.  **Obligations on Conclusion of Litigation.**

    a.  **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.  **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order produced as paper copies, including copies as defined above, shall be returned to the producing party; and for all such Confidential Information produced electronically, a verification of destruction of all electronic files shall be provided to the producing party, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to

the producing party that it has done so.

    c.    **Retention of Work Product, Litigation files and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product and all documents filed with the Court, including those filed under ~~seal~~ /Restricted Access. Further, this Protective Order does not prohibit the parties' outside counsel from retaining and securely storing their respective litigation files, including any pleadings, transcripts or exhibits contained therein. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

23.    **Privileged Material.**

    a.    **Inadvertent or Mistaken Production of Privileged Material.** If a party inadvertently or mistakenly produces information or material protected by the attorney client privilege, work product, or any other privilege or protection ("Privileged Material"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for the produced Privileged Material or any other document covering the same or a similar subject matter under applicable law. The parties agree that: (1) a statement by a producing party that the production of Privileged Material was inadvertent shall be dispositive; (2) the parties have taken reasonable steps to prevent disclosure

[handwritten margin: MJW 3-29-16]

14

of Privileged Material, at all stages of this litigation, and the parties will continue to take reasonable steps to prevent disclosure of Privileged Material; and (3) a producing party shall be deemed to have taken prompt and reasonable steps to rectify the inadvertent production of Privileged Material when the producing party makes a statement that the production of Privileged Material was inadvertent.

    b.    **Return of Privileged Material.** If (1) a requesting party identifies Privileged Material in the production of another party based on the information on the face of the document; or (2) a party makes a written request for the return of such Privileged Material, the Privileged Material (including any analyses, memoranda or notes which were internally generated based upon such Privileged Material), as well as all copies, shall be either sequestered or returned within ten (10) days regardless of whether the receiving party disputes the claim of privilege. The party shall provide sufficient information to the receiving party regarding the asserted privilege(s), in the form of a privilege log. If the receiving party disputes the assertion of privilege, the receiving party may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstance of the production as a ground for entering such an order. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material by an in-camera inspection. Notwithstanding this protocol, a party may seek a Court order

compelling the production of documents for which the privilege has been allegedly waived for any other reason in accordance with Colorado law.

    c.    **Right to Review Documents for Privilege.** By stipulating to this Protective Order, a party is not giving up his, her or its right to review documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Protective Order cannot be used to compel a party to produce documents without review.

24.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter for good cause shown following notice to all Parties and the opportunity for them to be heard.

25.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

26.    **Further Protection not Precluded.** Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the court under Rule 26(c) of the Federal Rules of Civil Procedure.

27.    **Persons Bound.** This Order shall take effect when entered and shall

be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DATED at Denver, Colorado, this 29TH day of March, 2016.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

17

APPROVED:

OGBORN MIHM, LLP

s/ *Peter McClenahan*

---

Michael T. Mihm, Atty. Reg. 14768
Peter McClenahan, Atty. Reg. 41044
1700 Broadway, Suite 1900
Denver, Colorado 80290
Phone Number: (303) 592-5900
Fax Number: (303) 592-5910
michael.mihm@omtrial.com
peter.mcclenahan@omtrial.com
*Attorneys for Plaintiff*

NEMIROW PEREZ P.C.

s/ *Ronald H. Nemirow*

---

Ronald H. Nemirow, Esq.
Christopher P. Brown, Esq.
445 Union Blvd., Suite 209
Lakewood, Colorado 80228
Phone Number: (720) 638-1234
rnemirow@nemirowperez.com
cbrown@nemirowperez.com
*Counsel for Defendants*