**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00110-WJM-MJW

DRORIT SILVERMAN a/k/a DRORIT DEANGELO,

Plaintiff,

v.

DALLAS D. GREENFIELD, et al.,

Defendants.

---

**DEFENDANTS' MOTION TO STRIKE UNSUPPORTED OPINIONS OF SCOTT SALTZMAN**

---

Defendants Dallas Greenfield and H<small>OUTCHENS</small>, G<small>REENFIELD</small> & S<small>EDLAK</small>, LLC (collectively "Greenfield"), pursuant to FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), move to strike the unsupported portions of Scott Saltzman's endorsed testimony and to preclude testimony at trial on these issues. Defendants state the following in support:

**D.C.Colo.LCivR. 7.1(a) Conferral Certificate:** Counsel have conferred. Plaintiff opposes striking any portion of Saltzman's endorsed testimony.

**I.    OVERVIEW**

In this legal malpractice case, Plaintiff blames her former lawyer for errors committed by the trial court and which were remedied on appeal. To support her claims at trial, Plaintiff retained and endorsed Scott Saltzman, CPA, to testify to damages generally. The opinions which

Saltzman have actually proffered go beyond mere damages testimony, and include, among other things, legal opinions regarding maintenance awards and property division determinations, and speculation regarding how the magistrate judge would or should have ruled on these two issues under different circumstances. Saltzman is an accountant, not a lawyer, and lacks the necessary qualifications to offer legal opinions. Moreover, any opinion regarding how the underlying magistrate judge would have divided the marital property is pure speculation and is improper testimony under FRE 702. Accordingly, this Court should preclude Saltzman from testifying to these matters at trial.

## II.   APPLICABLE LEGAL STANDARDS

FRE 702 imposes upon the trial judge an important "gate keeping" function with regard to the admissibility of expert opinions. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of any opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the fact of this case.

## III.   SALTZMAN'S ANTICIPATED TESTIMONY

The following are statements made by Saltzman in his reports or in his deposition:

1. "Q. What do you consider yourself – what field do you consider yourself as an

expert for this case? / A. Financial damages." *Saltzman Depo.*, 12:6-9, **Exhibit A**.

      2.      In his August 29, 2016 report, Saltzman stated:

It is typical in a marital dissolution proceeding that when one party is unable to meet their future obligation as a result of matters such as terminal illness, that the parties or Court provide for disproportionate allocation of assets. By providing additional assets to the party that was intended to receive maintenance, the assets can be safely invested to take the place of such maintenance.

*August 29, 2016 Report*, pp. 3-4, **Exhibit B**.

      3.      Saltzman reiterated that same conclusion in his deposition:

Q.      . . . So it's your conclusion that the $518,802 in Exhibit 2 would have been added to the 1.18 [Million] that she received in the permanent orders as a property settlement, and that combined number would have been ordered as a – as the property settlement payment.
A.      That would have been a better solution than giving an individual maintenance where – in a situation that's most likely not going to be paid, and leaving an individual in a situation where she is today, where, you know, you get how many months of maintenance and then someone passes away.

*Saltzman Depo.*, 61:13-24, **Exhibit A**.

      4.      When asked for the basis of that conclusion, he responded:

      Because I've seen it before. I've been involved in it before. And I've – that was my conversation with Kathy, and Ms. – Ms. Hogan. She's done it before, too.
      So when you're in situations where you have a terminally ill individual and there are other assets, the Court can also take into account that – in the situation I had, the individual – the estate was there, but you can also take into account separate assets.
      So you can just – it can be disproportionate assets. Colorado is not a 50-50 asset state, so you can do disproportionate assets based on facts and circumstances.

*Saltzman Depo.*, 62:1-15, **Exhibit A**.

5.      Saltzman admitted that these opinions, however, were not in his area of expertise. *Saltzman Depo*., 63:9-11, **Exhibit A** ("Q. And you would agree that is a legal issue? / A. That's outside my bailiwick."); and *Saltzman Depo*., 82:16-25, **Exhibit A** ("Q. And you said how that assumption was a legal assumption; that we would have to talk to Kathy Hogan about it. Do you remember? / A. Correct.").

6.      Saltzman admits that he lacks the expertise to testify to legal issues: "I'm – that's a legal question. I'm not going to touch the legal – I stay in my bailiwick." *Saltzman Depo*., 77:14-15, **Exhibit A**. He went further:

>   Q.   You would agree you're not a lawyer?
>   A.   Yes.
>   Q.   And you're not here to make legal conclusions or opinions?
>   A.   Yes.

*Saltzman Depo*., 90:8-12, **Exhibit A**.

7.      Saltzman testified (incorrectly) that the property division was equal:

>   Q.   What was the percentage of allocation in the property settlement ordered by the Court in this case?
>   A.   If I recall the – I have to go back to the order, but if I recall off the top of my head, it was – I have to go back to the order, but if I had to recall, it's close to 50-50 of the marital property.
>   Q.   Did you analyze whether the marital property included tax obligations?
>   A.   I don't believe it did. I'm not sure. I don't recall, but I do – I do know that there's a tax obligation out there.

*Saltzman Depo.*, 30:6-16, **Exhibit A**.

## IV.    ARGUMENT

### A.     Saltzman is unqualified to offer legal opinions.

"[T]he 'qualification' element of Rule 702 is not insignificant and must be satisfied as an

essential prerequisite for the admissibility of the expert's opinions." *Squires v. Goodwin*, 829 F.Supp.2d 1041, 1048 (D.Colo. 2011). The expert must stay "within the reasonable confines of his subject area." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). "[W]hen assessing expert testimony, 'the question before the trial court is specific, not general…[t]he issue with regard to expert testimony is not the qualifications of the witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Squires v. Goodwin*, 829 F.Supp.2d 1041, 1049 (D.Colo. 2011).

In both his report and his deposition, Saltzman purports to offer the legal opinion that the underlying court, if asked, would have ordered a disproportionate property division in lieu of maintenance. See e.g., *August 29, 2016 Report*, pp. 3-4, **Exhibit B**; and *Saltzman Depo.*, 61:13-24; 62:1-15, **Exhibit A**. Saltzman concedes, however, that he is not a lawyer and that he is not qualified to offer legal opinions. *Saltzman Depo.*, 63:9-11; 77:14-15; 82:16-25; 90:8-12 **Exhibit A**. Accordingly, Saltzman should be precluded from testifying to legal conclusions, and his testimony regarding whether the underlying court would have, or could have, ordered a disproportionate property settlement in lieu of maintenance should be stricken.

### B. Saltzman's opinions are unreliable.

Rule 702 requires the District Court, before admitting expert testimony, to ensure that testimony (1) has "a reliable basis in the knowledge and experience of [the expert's] discipline," and (2) is "relevant to the task at hand." *Daubert*, 509 U.S. at 592, 597. This inquiry "applies to all expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Here, even if Saltzman were qualified to offer opinions regarding the interplay of maintenance and property

5

division (he is not), such testimony is unreliable because it is based on demonstrably false assumptions and constitutes at best mere speculation and at worst incorrect legal reasoning.

### 1. Saltzman incorrectly assumes the property division was equal.

Saltzman's opinions regarding maintenance and property division are based on a faulty premise. He assumes that the underlying court ordered a 50-50 property division. *Saltzman Depo.*, 30:6-16, **Exhibit A**. That is not correct. Plaintiff's own standard of care expert, Kathleen Hogan, testified that the marital estate included both the assets and the *debts* of the marriage. *Hogan Depo.*, 85:7-17, **Ex. C**. As of the permanent orders hearing, the marital estate totaled $2,516,950, of which Plaintiff possessed $75,361, and Paul Silverman possessed $2,444,159. *Marital Balance Sheet*, HG&S00240, **Ex. D**. The magistrate ordered a $1,183,114 equalization payment from Paul Silverman to Plaintiff to equally divide the marital property; it awarded Plaintiff $12,000 of Paul Silverman's equity in the Nevada property to Plaintiff; and, more to the point, it allocated *all* outstanding taxes totaling $450,207 to Paul Silverman. *Permanent Orders*, p.4, **Ex. E**. Altogether, the Court provided Plaintiff $237,103.50 more than would have resulted from a strict 50/50 split. In other words, Plaintiff received 20% more of the marital estate than she would have received under a strict 50/50 split. Because his assumptions were false, his conclusions are not reliable and should be stricken.

### 2. Saltzman's conclusion is speculative.

Plaintiff must demonstrate that Saltzman's opinion is "based on facts which enable [Saltzman] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003).

Saltzman's conclusion, however, assumes that the underlying court would have made the property settlement even more disproportionate than it already was. There are no facts to support this conclusion. Even Plaintiff's standard of care expert, Kathleen Hogan, agrees: "On the other hand, to the extent issues are left to the discretion of the court, discretion can be a fair-sized ballpark on some issues." *Hogan Depo.*, 71:25-72:3, **Ex. C**. This includes discretion inherent in allocation of marital assets. *Id.* at 72:4-11. Damages in legal malpractice claim "may not be sustained by evidence which is speculative, remote, imaginary, or impossible of ascertainment." *Roberts v. Holland & Hart*, 857 P.2d 492, 496-97 (Colo.App. 1993). Thus, Saltzman's conclusions regarding how disproportionate the property division would have or should have been is neither reliable nor relevant.

### 3. Saltzman's opinions are mistaken as a matter of law

Saltzman's conclusion that the Court would have modified the property division in considering a maintenance award is backwards: "Only **after** the property division has been made can the court determine, by application of the statutory standards, whether maintenance is necessary to provide for the reasonable needs of one of the parties." *In re Marriage of Jones*, 627 P.2d 248, 252–53 (Colo. 1981)(emphasis added). Accordingly, it would have been either legally improper or chronologically impossible for the magistrate to divide the marital estate to account for the maintenance lost due to Paul Silverman's death.

### V. CONCLUSION

WHEREFORE, Defendants Dallas Greenfield and HOUTCHENS, GREENFIELD & SEDLAK, LLC respectfully request that this Court GRANT the motion and strike the unsupported portions

of Scott Saltzman's testimony. A proposed order is attached.

DATED: April 30, 2018.

*s/ Christopher P. Brown*
_____
Ronald H. Nemirow
Christopher P. Brown
NEMIROW PEREZ P.C.
445 Union Blvd., #209
Lakewood, Colorado 80228
Telephone: 720-638-1234
rnemirow@nemirowperez.com
cbrown@nemirowperez.com
*Attorneys for Defendants Dallas D. Greenfield and HOUTCHENS, GREENFIELD & SEDLAK, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2018, the foregoing **DEFENDANTS' MOTION TO STRIKE UNSUPPORTED OPINIONS OF SCOTT SALTZMAN** was electronically filed with the Clerk of Court using the CM/ECF system and notification of such filing was also electronically served to the following e-mail address:

Michael T. Mihm
Peter McClenahan
OGBORN MIHM LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
(303) 592-5900
michael.mihm@omtrial.com
peter.mcclenahan@omtrial.com
*Attorneys for Plaintiff*

*s/ Christopher P. Brown*
_____
Christopher P. Brown