IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-0110-WJM-NRN

DRORIT SILVERMAN, a/k/a Drorit DeAngelo, an individual,

    Plaintiff,

v.

DALLAS D. GREENFIELD,
HOUTCHENS, GREENFIELD & SEDLIK, LLC, a Colorado limited liability company,

    Defendants.

## ORDER RESOLVING MOTIONS *IN LIMINE*

Before the Court are Defendants' Omnibus Motion *in Limine* (ECF No. 99) and Plaintiff's Omnibus Motion *in Limine* (ECF No. 100). As before, the Court will refer to Plaintiff as "DeAngelo," and to Defendants, collectively, as "Greenfield."

For the reasons explained below, the parties' various objections are sustained in part, overruled without prejudice in part, and otherwise overruled. The Court's disposition depends heavily on an understanding of the Court's order from earlier today granting in part and denying in part Greenfield's summary judgment motion. ("Summary Judgment Order," ECF No. 111.) Familiarity with the Summary Judgment Order is presumed.

### I. GREENFIELD'S MOTION (ECF No. 99)

**A.**     **"Hindsight Judicial Statements Regarding Defendants' Conduct"**

Greenfield first moves to exclude statements from the Boulder County District Court and from the Colorado Court of Appeals that supposedly attribute negligence to

Greenfield for not moving to correct Magistrate Koppenhofer's payment terms earlier. (ECF No. 99 at 1–3.) Greenfield argues that the statements are impermissible hindsight analysis and otherwise should be excluded as unduly prejudicial under Federal Rule of Evidence 403. (*Id.*)

The Court grants Greenfield's motion in this regard, but for different reasons than Greenfield argues. The Summary Judgment Order holds that there is no theory by which Greenfield may be liable for moving too late to correct Magistrate Koppenhofer's error because the appropriate relief (Rule 60(a)) has no time limit and when a Rule 60(a) motion eventually was filed by Catlin, it was erroneously denied through no fault of Greenfield's. (ECF No. 111 at 32–34.) In this light, detailed evidence regarding what the Boulder County District Court and the Colorado Court of Appeal said is now irrelevant, and presenting it would otherwise be "wasting time." Fed. R. Evid. 402, 403. The jury is entitled to understand the basic timeline of events after Catlin's substitution, including that she filed motions for relief, that they were denied, that the Colorado Court of Appeals eventually ruled that those denials were in error, and that the case settled on remand. However, the Court sustains Greenfield's objection to evidence about the various courts' reasoning.

**B.    Evidence of Negligence Unsupported by Expert Testimony**

Among the witnesses who may testify at trial are Catlin (DeAngelo's successor counsel) and Robert Lanham (Silverman's divorce counsel). Neither has been retained as a standard-of-care expert, but Greenfield fears that these witnesses will make critical statements toward him, as if providing expert testimony about the standard of care. (ECF No. 99 at 3–4.)

As to Lanham, Greenfield's fear arises from a statement he made in appellate briefing criticizing Greenfield for failing to seek amended final orders in a timely manner. (*Id.* at 3.) As to that statement, the Court sustains Greenfield's objection, but for the reason already discussed above—untimeliness is not a viable malpractice theory in this case. To the extent Lanham offers testimony about relevant subjects that shades into expert testimony about the standard of care, the Court will address the matter as it arises in trial.

As to Catlin, the Summary Judgment Order now limits the relevant scope of her testimony and Greenfield's objection is sustained to that extent. Catlin may testify about the fact that she moved for relief and the fees she incurred in litigating the Rule 60(a) motion. (*See* ECF No. 111 at 30–31.) She may also testify generically about the denial of her motions and her success on appeal. And she may testify about the settlement on remand.

As to Catlin's deposition statement that Greenfield believes to be illustrative of what should be excluded—"I surmised that [Greenfield] made more than one mistake, that he made mistakes over a long period of time"—the Court finds the testimony questionable but not obviously inadmissible. It simply depends on context, such as whether her state of mind is relevant to understanding her actions. The Court cannot make a ruling at this point and so the objection is overruled without prejudice. Nonetheless, the Court emphasizes that it will not permit expert opinion testimony from a witness not properly disclosed under Rule 26(a)(2).

**C.      Failing to Collateralize the Property Division and Maintenance Awards**

Greenfield seeks to exclude evidence or argument about a supposed breach of

3

the standard of care by not collateralizing the equalization payment or the maintenance award. (ECF No. 99 at 4–5.) This appears to be "a veiled motion for summary judgment" which the Court may "den[y] out of hand." WJM Revised Practice Standard III.F.1. Nonetheless, Greenfield fairly raises the question that this argument is irrelevant (because Silverman never defaulted and so collateralization would not have mattered) and also moot (given that the settlement ultimately achieved what Greenfield did not). DeAngelo does not respond to the first argument. As to mootness, however, her only response is that she claims the attorneys' fees she incurred over the three years it took to achieve collateralization as against Silverman's estate. But, as the Court has already explained, only fees incurred with respect to the Rule 60(a) motion are potentially recoverable in that effort. Thus, evidence or argument about the standard of care with respect to collateralization is irrelevant and Greenfield's objection is sustained.

## II. SILVERMAN'S MOTION (ECF No. 100)

### A. Arguments that Catlin Was Herself Negligent

DeAngelo accurately notes that Greenfield's summary judgment papers cast aspersions on Catlin's actions, suggesting that perhaps she should at least share some responsibility for the damages DeAngelo claims. (ECF No. 100 at 1–2.) DeAngelo seeks exclusion of evidence intended to support this theory. (*Id.* at 2–5.) The Court sustains the objection, but for the reasons already repeatedly stated—Catlin's testimony is now limited by the Summary Judgment Order. Any attack on her representation of DeAngelo is now irrelevant.

### B. Judge Berryhill's Deposition Errata Sheet

Upon reviewing his deposition transcript, Greenfield's standard-of-care expert

4

Judge Jack Berryhill, submitted a sixteen-page errata sheet with eighty itemized changes.  (ECF No. 100-3.)  DeAngelo objects to fifteen of those changes as substantive rather than formal or clerical.  (ECF No. 100-4.)

In the summary judgment context, the Tenth Circuit holds that the test for sham affidavits applies to after-the-fact substantive corrections to a deposition.  *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1281–83 (10th Cir. 2003).  But Judge Berryhill will not be testifying by way of deposition at trial.  His deposition, therefore, is only relevant for impeachment purposes.  Assuming without deciding that his errata sheet contains substantive modifications to his deposition testimony, it would only become relevant if (1) he testifies on direct examination in a manner that the parties know is consistent with his errata sheet but inconsistent with his deposition, then (2) he is cross-examined based on inconsistency with his deposition, and finally (3) he is rehabilitated on re-direct through consistency with the errata sheet.

Apparently anticipating this, DeAngelo asks that the Court "preclud[e] [Greenfield] from referring to [or] utilizing the errata sheet at trial" (ECF No. 100 at 8), but that would provide no true remedy.  Greenfield could still elicit from Judge Berryhill the fact that he informed DeAngelo of what he believed to be inaccuracies in his deposition testimony soon after reading it—thus dispelling any inference that his testimony from the witness stand is a recent fabrication and a surprise to DeAngelo.  Perhaps the Court could order counsel not to elicit as much from Judge Berryhill but that is essentially an order for artificial testimony.  The fact remains that Judge Berryhill testified at his deposition in a certain manner, then revised some of his testimony later.  This is the stuff of impeachment, not exclusion.  DeAngelo's objection is therefore

5

overruled. However, if Greenfield, on re-direct examination, uses the errata sheet to rehabilitate Judge Berryhill, the Court will permit DeAngelo a brief re-cross focused solely on that rehabilitation.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Omnibus Motion *in Limine* (ECF No. 99) is SUSTAINED IN PART and OVERRULED WITHOUT PREJUDICE IN PART, as stated above; and

2. Plaintiff's Omnibus Motion *in Limine* (ECF No. 100) is SUSTAINED IN PART and OVERRULED IN PART, as stated above.

Dated this 31st day of January, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge